PADDOCK *et al.* v. SPEIDEL *et al.*

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

HUSBAND AND WIFE—ACTIONS—PARTIES—SUFFICIENCY OF COMPLAINT.

    A man and woman jointly sued another man and woman for a slander uttered by the female defendant against the female plaintiff. There was no allegation in the complaint that plaintiffs or defendants were husband and wife. *Held*, that a demurrer to the complaint was properly sustained.

Appeal from special term, Dutchess county.

Action by Amanda Paddock and Edward Paddock against Hannah Speidel and Martin Speidel for slander, which consisted of the utterances of Hannah Speidel respecting plaintiff Amanda Paddock. From an order sustaining a demurrer to the complaint plaintiffs appeal. Affirmed.

The complaint did not allege that plaintiffs were husband and wife, or that such relation existed between defendants. The material part of the complaint is as follows: "*Second.* The plaintiff Amanda Paddock alleges for a cause of action against the defendant that on or about the 31st day of March, 1891, the defendant herein Hannah Speidel, wickedly and maliciously intending to injure the plaintiff and her good name, fame, and credit, and to bring her into public scandal, infamy, and disrepute, with and amongst all her neighbors and other good and worthy citizens, and to cause it to be suspected and believed by the neighbors and citizens that the plaintiff has been and was guilty of the offenses and misdemeanors hereinafter mentioned to have been made and

charged upon her by said defendant, did at the time aforesaid, at Port Jervis, N. Y., and in the presence and hearing of divers good and worthy citizens, falsely and maliciously speak and declare of the said plaintiff Amanda Paddock the false and scandalous, malicious, and defamatory words following; that is to say, that the plaintiff Amanda Paddock was a common thief, and stole a bottle of liquor from some person in said neighborhood.   Further, that said plaintiff Amanda Paddock was a common whore, and laid at a house of prostitution in the village of Port Jervis with any one who would give her 50 cents.   *Third.*  That, by reason of the commission of which said several grievances by the said defendant as aforesaid, the said plaintiff has been, and still is, greatly injured in her good name, and brought into public scandal, infamy, and disgrace with and among all her neighbors and other good and worthy citizens, to the damage of the plaintiff of $1,000.   Wherefore the plaintiff demands judgment for $1,000, besides the costs and disbursements of this action."

Argued before DYKMAN and PRATT, JJ.

*Wilton Bennet,* for appellants.   *Amos Van Etten,* for respondents.

DYKMAN, J.   Two persons commenced an action of slander against two other persons, and in the complaint alleged that one of the defendants had used defamatory words against one of the plaintiffs.   There was no allegation that either the plaintiffs or the defendants were husband and wife, and both of the defendants demurred to the complaint for a misjoinder of parties, and that the complaint did not state a cause of action in favor of the plaintiffs against the defendants.   The demurrers were sustained at the special term, and the defendants have appealed from the order sustaining the demurrer.   It requires no argument to show that the complaint fails to state a cause of action, and the orders appealed from should be affirmed, with costs and disbursements.